IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CALVIN ALPHONSE LEE,              :

    Petitioner,                   :

vs.                               :      CA 12-0479-KD-C

SAM COCHRAN, et al.,              :

    Respondents.


**REPORT AND RECOMMENDATION**

Calvin Alphonse Lee, who, at present, resides in the free world (*see* Doc. 3), filed his complaint for habeas corpus relief pursuant to 28 U.S.C. § 2254 on July 27, 2012 (Doc. 1). The complaint reveals that Lee entered a counseled guilty plea to first-degree criminal mischief in the Circuit Court of Mobile County, Alabama, apparently sometime in 1996, and although he has served his 15-year sentence, the "Court" continues to arrest him "for not paying the restitution" despite the fact that he is "disabled" and unable to pay the restitution. (Doc. 1, at 2-3.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed without prejudice to allow Lee the opportunity to exhaust his state remedies.

**FINDINGS OF FACT**

Sometime in 1996, Lee entered a counseled guilty plea to one count of first-degree criminal mischief; he was sentenced to a term of fifteen years imprisonment and ordered to pay restitution. (*See* Doc. 1, at 2-3.) Although Lee completed his 15-year sentence, he claims that the "Court" continues to have him arrested for failing to pay the court-ordered restitution even though he is "disabled" and does not possess the funds to pay the restitution. (*See id*. at 3.) Petitioner states that he filed a habeas corpus petition in the Circuit Court of Mobile County, Alabama sometime in July of 2012 (*id*. at 4) but "never received any court decision . . . and did not have the knowledge as [to] what procedure was next." (*Id*. at 6.)[1]

**CONCLUSIONS OF LAW**

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   28 U.S.C. foll. § 2254, Rule 4.

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state

---

[1] The undersigned surmises that Lee has not heard from the Mobile County Circuit Court because he has not given that court time to rule on his state habeas petition.

[petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

   A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted).  If the claims raised in a federal habeas corpus petition have not been

exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. June 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for

relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, it is all too clear that Lee has not exhausted his state remedies. By his own admission, Lee filed a habeas corpus petition in the Mobile County Circuit Court last month and although petitioner claims he has not heard from that court since the filing of the petition, at best a month has passed since the filing of the petition. Such a short period of time does not constitute an unreasonable delay sufficient to excuse the failure to exhaust as contemplated in *Hollis, supra*, 941 F.2d at 475. Moreover, there is no question but that Alabama courts recognize other means by which a defendant who has completed his terms of imprisonment and probation, as Lee claims here, can attempt to challenge court-ordered restitution. *Ex parte Stewart*, 74 So.3d 944, 946 (Ala. 2011) (defendant Byrd petitioned the Alabama Court of Criminal Appeals for writ of mandamus); *see also id.* at 952 ("Byrd has completed the portion of his sentence dealing with periods of time (e.g., incarceration and probation), but he has not completed the portion of his sentence dealing with restitution. Read together, the above-quoted

statutes allow the trial court to take certain steps in an effort to have Byrd pay the restitution ordered by the trial court. In taking those steps, the trial court did not increase the total amount owed but, instead, modified the payment schedule in an effort to make it commensurate with Byrd's financial ability to pay and to take into account Byrd's changing financial circumstances. The trial court did not incarcerate Byrd for failing to pay the court-ordered restitution, nor did it even suggest that he would be incarcerated if he continued to fail to meet his payment obligations. Other civil remedies are available in the statutes addressing restitution to ensure that a victim receives his or her restitution, but they are not exclusive. In short, nothing in the restitution act prevents the trial court from taking the action taken in this case. The Court of Criminal Appeals erred in holding otherwise."). The foregoing clearly establishes that Alabama courts, in the first instance, rather than this Court, should consider challenges to court-ordered restitution by a defendant who has completed his terms of imprisonment and probation. Because Lee has not met § 2254(b)(1)(A)'s exhaustion requirement, this action should be dismissed without prejudice to allow him that opportunity.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28

U.S.C. § 2253(c)(1).   A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were Aadequate to deserve encouragement to proceed further.'"). Inasmuch as Lee has not exhausted his claims in the state courts of Alabama and this Court must dismiss all of his constitutional claims to allow him to return to state court to exhaust his state remedies as to these unexhausted claims, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029, 128 S.Ct. 628, 169 L.Ed.2d 405 (2007), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lee should be allowed to proceed further, *Slack, supra*, 529 U.S. at

484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Calvin Alphonse Lee's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow him the opportunity to fully exhaust his state court remedies. Lee is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate

Judge.

**DONE** this the 8th day of August, 2012.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.         *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.         *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]         Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).